# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| Voluntary Petition |
|---|

| NAME OF DEBTOR | JOINT DEBTOR |
|---|---|
| **David Laroni Cowley** | **Kelsey Michell Cowley** |

| ALL OTHER NAMES USED BY THE DEBTOR IN THE LAST 6 YEARS (including married, maiden & trade) | ALL OTHER NAMES USED BY THE JOINT DEBTOR IN THE LAST 6 YEARS (including married, maiden & trade) |
|---|---|
| | |

| SOC. SECURITY #/TAX I.D. NO (if more than one, state all) IF FALSE OR FRAUDULENT DO NOT SIGN THIS PETITION & COMMIT PERJURY!!! (Last 4 digits of Social) | SOC. SECURITY #/TAX I.D. NO (if more than one, state all) IF FALSE OR FRAUDULENT DO NOT SIGN THIS PETITION & COMMIT PERJURY!!! (Last 4 digits of Social) |
|---|---|
| **\*\*\*-\*\*-6697** | **\*\*\*-\*\*-2099**     *Chapter 13W/Plan* |

| STREET ADDRESS OF DEBTOR | STREET ADDRESS OF JOINT DEBTOR |
|---|---|
| **1383 Stanley Blvd**<br>**Calumet City IL 60409** | **1383 Stanley Blvd**<br>**Calumet City IL 60409** |

| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS |
|---|---|
| **Cook** | **Cook** |

| MAILING ADDRESS OF DEBTOR | MAILING ADDRESS OF JOINT DEBTOR |
|---|---|
| | |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (IF DIFFERENT FROM STREET ADDRESS ABOVE)

*NOT APPLICABLE*

## Information Regarding the Debtor (Check the Applicable Boxes)

VENUE (Check any applicable box)

[x] Debtor has been domiciled or has had a residence, principal place of business or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

[] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| TYPE OF DEBTOR (Check all boxes that apply) | CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box) |
|---|---|
| [x] Individual(s)    [] Railroad<br>[] Corporation    [] Stockbroker<br>[] Partnership    [] Commodity Broker<br>[] Other_____ | [] Chapter 7    [] Chapter 11    [X] Chapter 13<br>[] Chapter 9    [] Chapter 12    []<br>[] Sec 304 0-- Case ancillary to foreign proceeding |

| NATURE OF DEBTS (Check one box)<br>[x] Consumer/Non-Business    [] Business | FILING FEE (Check one box)<br>[x] Full Filing Fee attached<br>[] Filing Fee to be paid in installments (Applicable to individuals only).<br>Must attach signed application for the court consideration certifying that the debtor is unable to pay fee except in installments.<br>Rule 1006(b)/ See Official Form No. 3 |
|---|---|
| CHAPTER 11 SMALL BUSINESS (Check all boxes that apply)<br>[] Debtor is a small business as defined in 11 U.S.C. S101<br>[] Debtor is and elects to be considered a small business under 11 U.S.C. Sec.1121(e) (Optional) | |

| STATISTICAL/ADMINISTRATIVE INFORMATION (Estimates Only)<br>[] Debtor estimates that funds will be available for distribution to unsecured creditors<br>[x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, the creditors. | U.S. Bankruptcy Court<br>Northern District Of Illinois<br>Filed: 01/28/2004<br>Time: 15:38:56<br>Debtor: DAVID LARONI COWLEY<br>Case: 04-03206    Fee # : 194<br>Chapter: 13 Rec. # : 3058733<br>Judge: Susan Pierson Sonderby<br>341 mtg: 03/04/2004 @ 03:00PM<br>ConfHrg: 03/18/2004 @ 10:30AM<br>Trustee: TOM VAUGHN |
|---|---|

| | | |
|---|---|---|
| ESTIMATED NO. OF CREDITORS | [x] | 10 |
| ESTIMATED ASSETS | [x] $ | 102,796 |
| ESTIMATED DEBTS | [x] $ | 110,850 |

1:04BK03206-BK001

| Voluntary Petition | NAME OF DEBTOR(s) |
|---|---|
| (This page must be completed and filed in every case) | **David Laroni Cowley** <br> **Kelsey Michell Cowley** |

### I STATE THAT I FILED THE FOLLOWING OTHER BANKRUPTCY CASES WITIIN LAST 6 YEARS (IF BLANK, THIS IS FIRST IN 6 YRS

| LOCATION WHERE FILED: | CASE NO. | DATE FILED |
|---|---|---|
| | | |

### PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR(S)

| NAME OF DEBTOR: | CASE NUMBER: | DATE: |
|---|---|---|
| DISTRICT | RELATIONSHIP: | JUDGE: |

**Exhibit A** (To be completed only if debtor is required to file periodic reports (e.g.,forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) fo the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
_____Exhibit A is attached and made a part of this petition

**Exhibit C** Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? NO If yes and Exhibit C is attached and made a part of this petition _____XXXX No

Signature of Non-Attorney Petition Preparer    I certify that I am a bankruptcy petition preparer a defined in 11 U.S.C. 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document Printed Name of Bankruptcy Petition Preparer _____ Social Sec# _____ Address _____
X_____ Signature of Bankruptcy Peition Preparer   A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines of imprisionment of both 11 U.S.C. 110; 18 U.S.C. 156.

# DEBTOR (S) READ ENTIRE PETITION SIGN, AND DATE BELOW & EVERY OTHER PAGE REQUIRED

I declare under penalty of perjury that the information provided in this petition is true and correct.    I am aware that I may proceed under Chapter 7, 11, 12 or 13 of Title 11, U.S. Code, understand the relief available under each such Chapter and choose to proceed.   I request relief in accordance with the Chapter of Title 11, United States Code, specified in this petition.

Dated: 1 /28/2004     **Sign: X** _David Laroni Cowley_
David Laroni Cowley

Dated: 1 / 28/2004     **Sign: X** _Kelsey Cowley_
Kelsey Michell Cowley

Exhibit B - Signature of Attorney

Attorney Name: Mario M Arreola     Bar No: 09557938

Law Offices of Peter Francis Geraci
55 E. Monroe Street
#3400
Chicago IL 60603
312.332.1800
312.332.6354 Fax

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that (he or she) may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, and have explained the relief available under each Chapter.

Attorney Name: Mario M Arreola     Dated:___/___/2004

STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. S341

## INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under Chapter 7 of the Bankruptcy Code. This information is intended to make you aware of ...

(1) the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
(2) the effect of receiving a discharge of debts;
(3) the effect of reaffirming a debt; and
(4) your ability to file a petition under a different chapter of the bankruptcy code.

There are many other provisions of the Bankruptcy Code that may affect your situation.  This information sheet contains only general principles of law and is not a substitute for legal advice.  If you have questions or need further information as to how the bankruptcy laws apply to your specifc case, you should consult with your lawyer.

## WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules.  A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions.  Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained throught fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs.  Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make false oath.  Creditors cannot ask you to pay any debts which have been discharged.  You can only receive a chapter 7 discharge once every six (6) years.

## WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years.  Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future.  Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed bankruptcy.

## WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own.  Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case.  Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of creditors.

Reaffirmation agreements are strictly voluntary -- they are not required by the Bankruptcy Code or other state or federal law.  You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there  may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest.  If you decide to sign a reaffirmation agreement, you may cancel it at anytime before the court issues your discharge order OR within
sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later.  If you reaffirm a debt and fail to make payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

## OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs.  Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code.  Under chapter 7, a trustee is appointed to collect and sell, if economically feasibile, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals.  Creditors vote on whether to accept or reject a plan, which also must be approved by the court.  While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession  and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers.  Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court.  Plan payments are made through a chapter 12 trustee, who also monitors the debtors' farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income.  Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court.  The debtor must pay the chapter 13 trustee the amounts set forth in their plan.  Debtors receive a discharge after they complete their chapter 13 repayment plan.  Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,000,0000 ($250,000 in unsecured debts and $750,000 in secured debts).

AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TOYOUR SPECIFIC CASE.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re      **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

Case No. :  _____

Attorney for Debtor: Mario M Arreola

### STATEMENT Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b), Rules of Bankruptcy Procedure, states that:

1.   The compensation paid or promised by the Debtor(s), to the undersigned, is as follows:

For legal services rendered, Debtor(s) agrees to pay          $         2,700
Prior to the filing of this Statement, Debtor(s) has paid     $    0    ~~2,700~~
Balance Due                                                    $    2700    0

2.   The Filing Fee has been paid.

3.   The Service rendered or to be rendered include the following:

(a)  Analysis of the financial situation, and rendering advice and assistance to the client in determining whether to file
a petition under Title 11, U.S.C.
(b)  Preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
(c)  Representation of the client at the first meeting of creditors.
(d)  Advice as required.

4.   The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
services performed, and none other.

5.   The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any,
will be from earnings, wages and compensation for services performed and none other.

6.   The undersigned has received no transfer, assignment or pledge of property from the debtor(s) except the following
for the value stated:  None.

7.   The undersigned has not shared or agreed to share with any other entity, other than with members of the
undersigned's law firm, any compensation paid or to be paid without the client's consent, except as
follows:  None.

Dated: ___1_,_2_7__/2004

Respectfully submitted,

Attorney Name: Mario M Arreola
Bar No: 09687938
Law Offices of Peter Francis Geraci
55 E. Monroe Street
#3400
Chicago IL 60603
312.332.1800

BY WHOM

In re:    **David Laroni Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or furture interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "HWJC". If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

| Description and Location of Property | Nature of Debtor's Interest in Property | H W J C | Market Value of Debtor's Interest | Amount of Secured Claim |
|---|---|---|---|---|
| **1383 Stanley Blvd Calumet City, IL 60409  (Debtor's Residence)** | | J | $  90,000 | $  86,400 |
| | | Total | $   90,000 | |

In re:    **David Laroni Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

## SCHEDULE B  -  PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "HWJC".  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed   only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | H W J C | Market Value of Debtor's Interest Before Claim |
|---|---|---|
| **01. Cash on Hand** | | [x] None |
| **02. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and load, thrift, building and load, and homestead associatens, or credit unions, brokerage houses, or cooperatives.** | | |
| **LaSalle Bank - checking acct# 7593** | | $    200 |
| **Corus Bank - checking acct# 9151** | | $    996 |
| **03. Security Deposits with public utilities, telephone companies, landlords and others.** | | [x] None |
| **04. Household goods and furnishings, including audio, video, and computer equipment.** | | |
| **Household goods; 3 TVs, 2 VCRs, DVD player, CD player, computer, sofa, loveseat, coffee table, end table, entertainment center, 2 lamps, desk, table/chairs, 2 bedroom sets, washer/dryer, stove, refrigerator, microwave, pots/pans, dishes/flatware, lawn mower, grill, bicycle, patio furniture** | | $   1,700 |

In re: **David Laroni Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "HWJC". If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | H W J C | Market Value of Debtor's Interest Before Claim |
|---|---|---|
| 05. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | |
|     **Books, CDs, tapes, DVDs, family pictures** | | $ 100 |
| 06. Wearing Apparel | | [x] None |
| 07. Furs and jewelry. | | [x] None |
| 08. Firearms and sports, photographic, and other hobby equipment. | | [x] None |
| 09. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | |
|     **Term life insurance - 2 policies - no cash surrender value** | | None |
| 10. Annuities | | [x] None |
| 11. Interest in IRA,ERISA, Keogh, or other pension or profit sharing plans. | | |
|     **Wife's 401K w/ employer KinderCare - 100% exempt** | | $ 1,900 |
| 12. Stocks and interests in incorporated and unincorporated businesses. | | [x] None |
| 13. Interest in partnerships or joint ventures. | | [x] None |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | | [x] None |
| 15. Accounts receivable | | [x] None |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled | | [x] None |
| 17. Other liquidated debts owing debtor including tax refunds. | | [x] None |
| 18. Equitable and future interests, life estates, and rights of power exercisable for the benefit of the debotr other than those listed in Schedule of Real Property. | | [x] None |
| 19. Contingent and Non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | [x] None |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counter claims of the debtor, and rights to setoff cliams. Give estimated value of each. | | [x] None |
| 21. Patents, copyrights and other intellectual property. | | [x] None |
| 22. Licenses, franchises and other general intangibles. | | [x] None |

In re:    **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

## SCHEDULE B  -  PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories,  place an "x" In
the appropriate position in the column labled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case
name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W",
"J", or "C" in the column  labeled "HWJC".  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed    only in Schedule
C - Property Claimed as Exempt.

| Description and Location of Property | H W J C | Market Value of Debtor's Interest Before Claim |
|---|---|---|
| 23. Autos, Truck, Trailers and other vehicles and accessories. | | |
| **FMC - 1995 Ford Explorer - over 100,000 miles** | J | $  6,800 |
| **1994 Mazda 626 - over 120,000 miles** | | $  1,100 |
| 24. Boats, motors and accessories. | | [x] None |
| 25. Aircraft and accessories. | | [x] None |
| 26. Office equipment, furnishings, and supplies. | | [x] None |
| 27. Machinery, fixtures, equipment, and supplies used in business. | | [x] None |
| 28. Inventory | | [x] None |
| 29. Animals | | [x] None |
| 30. Crops-Growing or Harvested. | | [x] None |
| 31. Farming equipment and implements. | | [x] None |
| 32. Farm supplies, chemicals, and feed. | | [x] None |
| 33. Other personal property of any kind not already listed. | | [x] None |
| | Total | $ 12,796 |

---

In re:    **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

## SCHEDULE C  -  PROPERTY CLAIMED EXEMPT

[] 11 U.S.C S522(b)(1): Exemptions provided in 11 U.S.C. S522(d). Note: These exemptions are available only in certain states.
[x] 11 U.S.C. S522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located
for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest
as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under aplicable nonbankruptcy law.

| Description of Property | Specify Law Providing Exemption | Value of Claimed Exemption | Market Value of Debtor's Interest Before Claim |
|---|---|---|---|
| 00. Real Property | | | |
| 1383 Stanley Blvd Calumet City, IL 60409  (Debtor's Residence) | 735 ILCS 5/12-901 | $  15,000 | $  90,000 |

In re:  **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

## SCHEDULE C  -  PROPERTY CLAIMED EXEMPT

[ ] 11 U.S.C S522(b)(1): Exemptions provided in 11 U.S.C. S522(d). Note: These exemptions are available only in certain states.

[x] 11 U.S.C. S522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under aplicable nonbankruptcy law.

| Description of Property | Specify Law Providing Exemption | Value of Claimed Exemption | Market Value of Debtor's Interest Before Claim |
|---|---|---|---|
| **02. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and load, thrift, building and load, and homestead associatens, or credit unions, brokerage houses, or** | | | |
| LaSalle Bank - checking acct# 7593 | 735 ILCS 5/12-1001(b) | $  200 | $  200 |
| Corus Bank - checking acct# 9151 | 735 ILCS 5/12-1001(b) | $  996 | $  996 |
| **04. Household goods and furnishings, including audio, video, and computer equipment.** | | | |
| Household goods; 3 TVs, 2 VCRs, DVD player, CD player, computer, sofa, loveseat, coffee table, end table, entertainment center, 2 lamps, desk, table/chairs, 2 bedroom sets, washer/dryer, stove, refrigerator, microwave, pots/pans, dishes/flatware, lawn mower, grill, bicycle, patio furniture | 735 ILCS 5/12-1001(b) | $  1,700 | $  1,700 |
| **05. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles.** | | | |
| Books, CDs, tapes, DVDs, family pictures | 735 ILCS 5/12-1001(a) | $  100 | $  100 |
| **11. Interest in IRA,ERISA, Keogh, or other pension or profit sharing plans.** | | | |
| Wife's 401K w/ employer KinderCare - 100% exempt | 735 ILCS 5/12-1006 | $  1,900 | $  1,900 |
| **23. Autos, Truck, Trailers and other vehicles and accessories.** | | | |
| FMC - 1995 Ford Explorer - over 100,000 miles | 735 ILCS 5/12-1001(c) | $  1,200 | $  6,800 |
| 1994 Mazda 626 - over 120,000 miles | 735 ILCS 5/12-1001(c) | $  1,200 | $  1,100 |

BY  WHOM

In re:  **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable.  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the martial community may be liable on each claim by placing "H", "W", "J", or "C" in the column labeled "HWJC".

| | Creditor's Name and Mailing address including Zip Code | Date claim was incurred, nature of lien and description and market value of property subject to lien | H W J C N T | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Amount of claim without deducting value of collateral | Unsecured portion, if any |
|---|---|---|---|---|---|---|---|---|
| | | Co-Debtor | | | | | | |
| 1 | **Fairbanks Capital Corp.** | 1998 Mortgage | | | | | $ 77,850 | $ 0 |
| | Account No. 2926368 Bankruptcy Department PO Box 551170 Jacksonville FL 32255 | Value: $ 90,000 1383 Stanley Blvd Calumet City, IL 60409  (Debtor's Residence) | J | | | | | |
| 2 | **Fairbanks Capital Corp.** | 2003-04 Mortgage Arrears | | | | | $ 3,000 | $ 3,000 |
| | Account No. 2926368 Bankruptcy Department PO Box 551170 Jacksonville FL 32255 | Value: $ 90,000 1383 Stanley Blvd Calumet City, IL 60409  (Debtor's Residence) | J | | | | | |
| 3 | **Ford Motor Credit Company** | 1995 Lien on Vehicle | | | | | $ 8,200 | $ 1,400 |
| | Account No. 024936231 Bankruptcy Department PO Box 537901 Livonia MI 48153-7901 | Value: $ 6,800 FMC - 1995 Ford Explorer - over 100,000 miles | J | | | | | |
| 4 | **Sears** | 1993 Judgment Lien on Real Pro | | | | | $ 5,550 | $ 0 |
| | Account No. 167173900785 Bankruptcy Department PO Box 182149 Columbus OH 43218 | Value: $ 90,000 1383 Stanley Blvd Calumet City, IL 60409  (Debtor's Residence) | H | | | | | |

Blatt, Hasenmiller, Leibsker & Moore
2 N. LaSalle Street, Suite 900

Chicago IL 60602

Representing:    Sears

TOTAL    $    94,600

In Re: **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

## SCHEDULE E - CREDITORS HOLDING <u>UNSECURED</u> PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided.  Only holders of unsecured claims entitled to priority should be listed in this schedule.  In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the martial community may be liable on each claim by placing an "H", "W", "J", or "C", in the column labled "HWJC".

  Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance or support, to the extent provided in 11 U.S.C. S507(a) (7).

Taxes and Certain Other Debts Owed to Governmental Units
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. S507(a) (8).

| Creditor Name and Address | Date Claim was Incurred Consideration for Claim | HC WO J N CTI N G E N T | U N LI QU I D A T E D | DI S P U T E E D | Claim Amount and Notes* |
|---|---|---|---|---|---|
| 1  **Internal Revenue Service**<br>Account No.  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<br>Attn: Bankruptcy Dept.<br>Mail Stop 5010 CHI 230 S. Dearborn St.<br>Chicago IL 60604 | 2001 | | | | $   850 |
| | | | | Total | $   850 |

Description                         BY  WHOM

In re:  **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  Do not include claims listed in Schedules D and E. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the martial community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "HWJC".  If the claim is contigent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claims is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

| Creditor Name and Address | Date Claim Was Incurred Account # | Claim Amount Consideration for claim hwjc |
|---|---|---|
| 1  **AT&T Wireless Services, Inc.**<br>Account No.<br><br>Attn: Bankruptcy Dept.<br>P.O. Box 78224<br>Phoenix AZ 85062-8224 | 1998-2003<br><br>Utility Bills/Cellular Service | J<br><br>$   700 |

In re: **David Laroni Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the martial community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "HWJC". If the claim is contigent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claims is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

| Creditor Name and Address | Date Claim Was Incurred Account # | hwjc | Claim Amount Consideration for claim |
|---|---|---|---|
| **2 NCO Financial Systems**<br>Account No. 550 579 365<br><br>Bankruptcy Department<br>PO Box 41418<br>Philadelphia PA 19101 | 3/99<br><br>Debt Owed | H | $ 200 |
| **3 Nelnet**<br>Account No. 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<br><br>Attn: Bankruptcy Dept.<br>PO Box 53318<br>Jacksonville FL 32201-3318 | <br>Loan or Tuition for Education | W | $ 950 |
| **4 Nicor**<br>Account No. 4 24 53 5416<br><br>Attn: Bankruptcy Department<br>PO Box 2020<br>Aurora IL 60507-2020 | 1998-2003<br><br>Utility Bills/Cellular Service | | $ 350 |
| **5 Sallie Mae**<br>Account No. 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<br><br>Attn: Bankruptcy Dept.<br>PO Box 9500<br>Wilkes Barre PA 18773-9500 | 1993<br><br>Loan or Tuition for Education | H | $ 13,200 |
| | | **TOTAL** | $ 15,400 |

In re: **David Laroni Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contracts, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing address all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of credito

| Name and Address of Other Parties to Instrument | Notes of contract or Lease and Debtor's Interest |
|---|---|

**[x] None**

In re:  **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contracts, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing address all other parties to each lease or contract described.

NOTE:  A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of credito

| Name and Address of Other Parties to Instrument | Notes of contract or Lease and Debtor's Interest |
|---|---|

---

In re:  **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|

**[x] None**

In re: **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Dependent(s) | DC, 6, dependent |
| | KC, 1, dependent |

**Debtor's Marital Status:**
**Married**

**EMPLOYMENT:**                                  SPOUSE

| | | |
|---|---|---|
| Occupation: | Package handler | Director |
| Name of Employer: | FedEx | KinderCare |
| Years Employed | approx. 3 1/2 months | approx. 9 years |
| Employer Address: | Ohare Airport | 15110 Windsor Dr. |
| | Chicago                    IL | Orland Park            IL |

| | DEBTOR | SPOUSE |
|---|---|---|
| **INCOME:** | | |
| Current monthly gross wages, salary, and commissions | 1,243.67 | 3,046.33 |
| Estimated Monthly overtime | 0.00 | 0.00 |
| SUBTOTAL | | |
| **LESS PAYROLL DEDUCTIONS** | | |
| a.  Payroll taxes and social security | 228.58 | 663.00 |
| b.  Insurance | 113.75 | 32.50 |
| c.  Union dues | 0.00 | 0.00 |
| d.  Other:      Pension | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $342.33 | $695.50 |
| TOTAL NET MONTHLY TAKE HOME PAY | 901.34 | 2,350.83 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $        0.00 | $        0.00 |
| Income from real property | $        0.00 | $        0.00 |
| Interest and dividends | $        0.00 | $        0.00 |
| Alimony, maintenance or support payments payable to debtor for the debtor's use or that of dependents listed above | $        0.00 | $        0.00 |
| Social Security or other government assistance | $        0.00 | |
| | | $        0.00 |
| Pension or retirement income | $        0.00 | $        0.00 |
| Other monthly income | $        0.00 | |
| | | $        0.00 |
| TOTAL MONTHLY INCOME | $        901.33 | $     2,350.83 |
| TOTAL COMBINED MONTHLY INCOME | $     3,252.16 | |

Describe any increase or decrease of more than 10% in any of the above categories
anticipated to occur within the year following the filing of this document:

In re: **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

:  _____

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments made bi-weekly, quarterly, simi-annually, or annually to show monthly rate

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate
household.  Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | 1st Mortgage/Rent | 0.00 |
| Are real estate taxes included?         [ ] Yes [x] No | | |
| | 2nd  Mortgage | 0.00 |
| Is property insurance included?         [ ] Yes [x] No | | |
| | 3rd Mortgage | 0.00 |
| Utilities:     Electricity and heating fuel | $ | 325.00 |
| | | |
| Water and Sewer | $ | 25.00 |
| Telephone | $ | 75.00 |
| Other | $ | 0.00 |
| | $ | 0.00 |
| | | |
| Home maintenance (repairs and upkeep) | $ | 50.00 |
| Food | $ | 320.00 |
| Clothing | $ | 50.00 |
| Laundry and Dry Cleaning | $ | 40.00 |
| Medical and Dental expenses , Rx Medicines | $ | 50.00 |
| Transportation (not including car payments) | $ | 285.00 |
| Recreation, clubs, and entertainment,  etc. | $ | 0.00 |
| Newspapers, Magazines | $ | 0.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
| Homeowner's or Renter's | $ | 0.00 |
| Life | $ | 0.00 |
| Health | $ | 0.00 |
| Auto | $ | 121.00 |
| Other | | |
| Taxes (not deducted from wages or included in home mortgage payments.) | $ | 0.00 |
| Installment Payments: | | |
| Auto | $ | 0.00 |
| Other | | |
| Auto Repair | $ | 50.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | | |
| Regular expenses from operation of business, profession, farm (attach detailed statement) | | |
| Other  Haircuts | $ | 40.00 |
| Personal Care, Non-Rx,Toiletries,Cleaning Supplies | $ | 40.00 |
| Postage/Banking | $ | 5.00 |
| Contacts | $ | 20.00 |
| Babysitting/Childcare | | |
| Tuition, Books | $ | 0.00 |
| Student  Loans | $ | 0.00 |
| Childcare | $ | 150.00 |
| | $ | 0.00 |
| | | |
| **TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)** | **$** | **1,646.00** |

FOR CHAPTER 12 AND 13 DEBTORS ONLY

| | | |
|---|---|---:|
| A. Total projected monthly income | $ | 3,252.16 |
| B. Total projected monthly expenses | $ | 1,646.00 |
| C. Excess income (A minus B) | $ | 1,606.16 |

In re: **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

:  _____

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments made bi-weekly, quarterly, simi-annually, or annually to show monthly rate

D. Total amount to be paid into plan monthly                               $      1,605.00

**UNITED STATES BANKRUPTCY COURT**
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

In Re:

**David Laroni Cowley and Kelsey Michell Cowley / Debtors**     Case No. : _____

Attomey for Debtor: Mario M Arreola

For: Peter Francis Geraci

### SUMMARY OF SCHEDULES

| NAME OF SCHEDULE | ATTACHED (YES / NO) | PAGES | AMOUNTS ASSETS | SCHEDULED LIABILITIES | OTHER |
|---|---|---|---|---|---|
| SCHEDULE A - Real Property | Yes | 1 | 90,000 | | |
| SCHEDULE B - Personal Property | Yes | — | 12,796 | | |
| SCHEDULE C - Exempt | Yes | — | | | |
| SCHEDULE D - Secured | Yes | — | | 94,600 | |
| SCHEDULE E - UnSecured Priority | Yes | 1 | | 850 | |
| SCHEDULE F - UnSecured NonPriority | Yes | — | | 15,400 | |
| SCHEDULE G - Executory Contracts | Yes | — | | | |
| SCHEDULE H - CoDebtors | Yes | 1 | | | |
| SCHEDULE I - Income | Yes | 1 | | | 3,252 |
| SCHEDULE J - Expenditures | Yes | 1 | | | 1,646 |
| | | | $ 102,796 | $ 110,850 | |

In Re:    **David Laroni  Cowley and Kelsey Michell Cowley / Debtors** _____

Case No. : _____

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL/JOINT  DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, and that they are true and correct to the best of my knowledge, information and belief.  I have disclosed on the foregoing schedules all property or assets I may have an interest in, the correct value of it, and every debt I may be liable for.  I accept the risk that some debts won't be discharged.  I have been advised of the difference between Chapter 7 and Chapter 13, income & expense concepts, budgeting, and have made full disclosure.

Debtor's attorney has advised debtor that creditors can object to discharge of their debt on a variety of grounds includiung fraud, recent credit usage, divorce and support obligations and reckless conduct.

Debtor's attorney has advised debor that non-dischargeable debts such as taxes, student loans, fines by govenment units and liens on property of debtor are generally unaffected by bankruptcy.

Penalty for making a false statement or concealing property.  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. SS 152 and 3571.

**Sign: X**

Dated: ____ / ____ /2004    _____
**David Laroni  Cowley**

**Sign: X**

Dated: ____ / ____ /2004    _____
**Kelsey Michell Cowley**

## SIGN AND DATE ABOVE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

In Re:     **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

Case No. : _____

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statment concerning all such activities as well as the individual's personal affairs.

DEFINITIONS
"In business." A debtor is "in business" for the purpose of this statement if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider."  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. 101

01. INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS:  Identify all sources of income if there is more than one. State the gross amount of income debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the 2 years immediately preceding this case calendar year.
    Debtor's income
    2004...........: approx. $1,250/month
    2003...........: approx. $20,000
    2002...........: approx. $43,610
    Source........: employment

    Spouse's income
    2004.......: approx. $3,050/month
    2003.......: approx. $36,500
    2002.......: approx. $32,500
    Source.....: employment

02. INCOME OTHER THAN FROM EMPLOYMENT OF OPERATION OF BUSINESS:  State the amount of income received by the debtor OTHER than from employment, trade, profession, or operation of the debtor's business during the 2 years immediately preceding the commencement of this case. Include all payments received from any source. Indicate multiple sources of income.                    [x] None

Spouse                    [x] None

03. PAYMENTS TO CREDITORS:   List all payments on loans, installments, purchases of goods or services, and other debts, aggregating more than $600.00 to any creditor, made within 90 days immediately preceding the commencement of this case. INCLUDE MORTGAGE AND VEHICLE PAYMENTS MADE IN THE LAST 3 MONTHS.                    [x] None

03b PAYMENTS TO RELATIVES OR INSIDERS List all payments made within 1 year immediately preceding the commencement of this case or for the benefit of creditors who are or were insiders.                    [x] None

04. SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTIONS, GARNISHMENTS AND ATTACHMENTS:
List all lawsuits & administrative proceedings you were a party to within 1 year of today, whether as a plaintiff or
defendant or other party: include divorces, injury claims, employment claims and all others.

   Case Title...........: Sears v. David Cowley
   Case No..............: 03-M1-130657
   Court/Agency Location: Cook County Circuit Court
   Nature of Proceeding.: small claims
   Suit Status..........: judgment entered

04b: WAGES OR ACCOUNTS GARNISHED: List all property that has been attached, garnished or seized
under any legal or equitable process within 1 year:        [x] None

05. REPOSSESSION, FORECLOSURES AND RETURNS:  List all property repossessed, sold at foreclosure
sale, deed in lieu of foreclosure, returned to the seller, within 1 year of filing this bankruptcy:   [x] None

06. ASSIGNMENTS AND RECEIVERSHIPS:  List assignment of property for benefit of creditors within 120 days
before filing this bankruptcy:     [x] None

List any property in the hands of a custodian, receiver, or court-appointed official within 1 year of today.  [x] None

07. GIFTS: List all gifts or charitable contributions you made within 1 year before filing this bankruptcy case
except ordinary & usual gifts or family members less than $200.00 total per individual family member, & charity
contributions less than $100.00 per recipient.   [x] None

08. LIST ALL FIRE, THEFT OR GAMBLING LOSSES WITHIN 1 YEAR OF TODAY:   [x] None

09. LIST ALL PAYMENTS TO CREDIT COUNSELORS OR BANKRUPTCY ATTORNEYS INCLUDING PETER
FRANCIS GERACI: (by you, or by others for you, within 1 year of today)
  Payment to debtor's attorney listed on 2016(b)
In addition to Peter Francis Geraci and his employees of his firm, I hired, at no additional fee, attorneys listed on  [x] None
my contract of representation to work on my case.

10. If you transferred any property of any kind, either absolutely or as security, within 1 year of today, give  [x] None
details:  (Including but not limited to: vehicle trades, transfers or sales, loans against property, divorce transfers,
quit-claim deeds, trusts)

11.If you CLOSED or TRANSFERRED any checking savings, pension, stock, brokerage, mutual fund, credit  [x] None
union or other accounts within 1 year of today, list details:

12. LIST ANY SAFETY DEPOSIT BOXES OR OTHER DEPOSITORY PLACES the debtor has or had securities,  [x] None
cash, or other valuables within 1 year of today:

13. LIST ALL SETOFFS by any creditor, such as a bank or credit union, against a debt or deposit of yours within  [x] None
the past year.

14. LIST ALL PROPERTY THAT YOU HOLD FOR ANOTHER PERSON: (Including but not limited to: minor's  [x] None
accounts, vehicle in your name that is really someone else's, accounts or property or items you are on title to or
in possession of)

15. WHERE HAVE YOU LIVED IN LAST 2 YEARS:   [x] None

16. COMMUNITY PROPERTY STATES WISCONSIN & OTHERS: If you live or did live in a community property  [x] None
state or territory (Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas,
Washington, or Wisconsin) in last 6 years, name your spouse & ex-spouse & the community property state.

17. ENVIRONMENTAL INFORMATION: "Environmental Law" means any federal, state, or local statute or                    [x] None
regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into
the air, land, soil surface water, ground water, or other medium, including, but not limited to, statutes or
regulations regulating the cleanup of the these substances, wastes, or material.
"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently
or formerly owned or operated by the debtor, including, but not limited to, disposal sites."Hazardous material"
means anything defined as a hazardous waste, hazardous or toxic substances, pollutant, or contaminant, etc.
under environmental Law.

a. If you have received notice of violation of any ENVIRONMENTAL LAW VIOLATION, list name & address of                [x] None
every site & the governmental unit, date of the notice, & Environmental law:

b. If you provided notice of release of Hazardous Material, list  name and address of every site and                  [x] None
governmental unit.

c.If you were party to any Environmental Law judicial or administrative proceedings, orders or settlements, give      [x] None
the name & address of  governmental unit that is or was a party to the proceedings,& docket number.

18. a.List names, addresses,taxpayer ID #, nature  of business,begin & end dates all businesses,                     [x] None
sole-proprietors, partnerships, corporations in which you had any interest, office, 5% of more voting or equity
interest within 6 years of today.  List same if debtor is partnership or corporation.
Name  Taxpayer ID#  ADDRESS  NATURE  DATES
b. Identify any business listed above that is a "single asset real estate" as defined in 11 U.S.C. 101.

b.  Identify any business listed in subdivision a.that is "single asset real estate" as defined in 11 U.S.C. 101.     [x] None

19.  List all bookkeepers and accountants in the last 2 years who kept, or supervised the keeping of, your books      [x] None
of account and records.

                                                                                                                     [x] None
b. List all firms or individuals who have audited the books of account and records, or prepared a financial
statement of yours in the last 2 years.

c. List all firms or individuals who are now in                                                                       [x] None
possession of your books of account and records of the debtor. If any books or records are not available,
explain.

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a  [x] None
financial statement was issued within the last 2 years.

20. INVENTORIES                                                                                                       [x] None
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the
taking of each inventory, and the dollar amount and basis of each inventory.

b. List the name and address of the person having possession of the records of each of the two inventories            [x] None
reported in a., above.

21A. Only if you are a partnership, list nature and percentage of interest of each member of it.                      [x] None

b. Only if debtor is a corporation, list officers & directors; each stockholder who directly or indirectly owns,      [x] None
controls, or holds 5% or more of the voting or equity securities of the corporation.

22.  ONLY IF debtor is a partnership, list each member who withdrew from the partnership within 1 year.               [x] None

b. ' If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated   [x] None
within 1 year immediately preceding the commencement of this case.

**23.** ONLY IF DEBTOR IS A PARTNERSHIP OR CORPORATION, list withdrawals or distributions or payments,   [x] None
bonuses, loans etc. to insiders, including compensation in any form, in past year.

**24.** ONLY IF YOU ARE A CORPORATION, list information of parent corporation and taxpayer ID number in last   [x] None
6 years.

**25.** ONLY IF debtor is not an individual, list name & federal taxpayer ID number of any pension fund to which   [x] None
debtor, as an employer, was responsible for contributing in last 6 years.

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR
    I declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and
any attachments thereto and that they are true and correct.

## Sign: X _David Cowley_

Dated: ___/ / 2 7___ /2004   **David Laroni  Cowley**

## Sign: X _Kelsey Cowley_

Dated: ___/ / 2 7___ /2004   **Kelsey Michell Cowley**

## SIGN AND DATE ABOVE AFTER READING IT

    Penalty for making a false statement or concealing property.  Fine of up to $500,000 or imprisonment for up to 5
years or both.  18 U.S.C. SS 152 and 3571.

209492

# DISCLAIMER

1. DEBTS TO A SPOUSE, EX-SPOUSE OR CHILD OF YOURS FOR ALIMONY, MAINTENANCE OR SUPPORT in connection with a separation agreement, divorce decree or court order. DEBTS YOU AGREED TO ASSUME IN MARITAL SETTLEMENT AGREEMENTS are GENERALLY dischargeable. They are NON-DISCHARGEABLE only if your ex-spouse files an adversary complaint, and the Judge rules that (a) you do not have the ability to pay the debt OR (b) discharging such debt would result in a benfit to you that outweighs the detriment to ex-spouse or your child.

2. STUDENT LOANS, TUITION, EDUCATIONAL BENEFITS if government insured loan or owed to non-profit school unless you file a complaint within the bankruptcy to prove repayment would be an "undue hardship", and win.

3. CO-SIGNERS, JOINT APPLICANTS AND JOINT CARD HOLDERS ARE NOT PROTECTED. Creditors can collect from co-signors and put your bankruptcy on their credit report. You can usually prevent this by continuing to make the regular payments to the creditor. Creditors can liquidate collateral of your co-signer and refuse to continue payment in installments. Property you are joint on with other persons can be LIQUIDATED to pay your creditors.

4. TAX DEBTS. Most taxes are not discharged in bankruptcy. However, income tax debt (1040 type tax) can be discharged if the following four rules are met:

(1). The tax return was DUE at least 3 YEARS (plus extensions) before the filing of your bankruptcy case.

(2). You FILED your income tax return at least 2 YEARS before your bankruptcy was filed. You did not file a return if the tax authority or IRS had to file one for you, or if you didn't send the return to the District Director. (3). You did not wilfully intend to evade the tax.

(4). The tax must have been ASSESSED over 240 DAYS before the bankruptcy filing. We recommend you meet with the IRS or state department of revenue to make sure all the conditions have been met, before you hire us or file a bankruptcy. Fraudulent taxes and taxes on unfiled returns can be discharged in a Chapter 13 case. Time in an offers in compromise, & time in bankruptcy plus 6 months, will extend the above time periods. Employers' share of FICA & FUTA is dischargeable, but no trust fund taxes like the employee's funds or sales tax.

5. FINES OR PENALTIES OWED TO A GOVERNMENTAL UNIT. Parking & Traffic tickets, building code violations.

6. NON-FILING HUSBAND OR WIFE. If you choose to file individually, your spouse is not our client. Only your debts are discharged. If you want to protect a non-filing spouse, pay their bills or file a joint case with them. Family expenses such as medical bills, rent and necessities may be collected from a non-filing spouse. In Wisconsin, community property is liable for community debts.

7. DUI PERSONAL INJURIES, DEBTS YOU DON'T LIST.

8. DEBTS WHERE OBJECTION TO DISCHARGE IS SUCCESSFUL Creditors, the Trustee, or the Court, can try to deny you a discharge based on many factors, INCLUDING:

a. Income sufficient to pay a percentage of your unsecured debt.
b. Failure to keep books and records documenting your financial affairs.
c. Luxury purchases or cash advances, either shortly before filing or without intent or ability to repay.
d. Debts you made by false pretenses, breach of fiduciary duty, wilful and malicious injuries to others
e. BENEFITS OVERPAYMENTS like aid or unemployment if a determination of fraud has been made before or during your bankruptcy.
f. Failure to appear at meetings, court dates, or co-operate with Trustee.

9. INTEREST ON NON-DISCHARGEABLE DEBTS in a Chapter 13 continues to accrue, and CREDITORS WHO DO NOT FILE CLAIMS in your Chapter 13 plan within 90 days (180 days for governmental units) of the meeting of creditors, do not get paid. Your plan and their claim should provide for interest at contract rate, or you will have to pay the debt outside the Chapter 13 plan. Property taxes must be paid by you directly to avoid sale for delingent taxes.

10. LIQUIDATION OF REAL AND PERSONAL PROPERTY. If you file a Chapter 7, any property that is not protected on Schedule C pursuant to state or federal law is taken and sold by the trustee to pay creditors. You agree to assume the risk that your property will be taken and sold by the bankruptcy trustee (at or less than what it is worth) if we can't protect it under applicable state law. You get a discharge, but the trustee can take property not listed and exempted on schedules B and C and sell it for whatever price will provide some benefit to creditors. The trustee can also challenge and deny exemptions you claim.

11. CHANGE IN LAWS. Laws & court cases change constantly. We can file your case today if you pay us in full (some attorneys give credit, we don't) pay the filing fee and sign your petition in our main office. ANY DELAY BEYOND TODAY IS YOUR REPSONSIBILITY. ADVERSE RULINGS Judges that sit in adjoining courtrooms can rule differently on the same facts. We can predict but cannot guarantee that a judge will or will not rule against you. You must accept the risk of a judge ruling against you, as in any lawsuit.

12. PAYMENTS TO CREDITORS YOU PREFERRED to pay more than $600 in front of others, within 1 yr if a relative or insider, or within 90 days if another creditor, so don't pay off debts to keep credit cards or protect others. TRANSFERS OF PROPERTY within 4 years that made you unable to pay your debts at the time can be reversed by a Trustee and the transferee will have to give back the property you transferred.

13. SURRENDER OF PROPERTY Bankruptcy gets rid of debts, but real estate, condos and time shares remain in your name until a foreclosure sale or the lender accepts a deed in lieu of foreclosure. Turn condo keys over to condo association or remain liable for assessments after filing, and make sure you keep buildings & land insured and maintained and secured until it is taken back by lender or out of your name. If you let a house go vacant and pipes explode or someone gets killed in there you may be liable.

14. RIGHT TO RECEIVE inheritances, tax refunds, injury claims, compensation of any kind, insurance or realty commissions, are property of the bankruptcy estate and you will surrender these to the trustee unless they are claimed exempt on Schedule C, and no objection to your claim of exemption is upheld. Do not deduct extra money from taxes so you are entitled to a refund, change your W-9 if necessary.

15. JOINT ACOUNT HOLDERS holders entire amount in the account could be taken by the trustee under Chapter 7.

16. MARRIED COUPLES GOING THROUGH DIVORCE: We have been advised to seek independent counsel for our bankruptcy. We understand that Peter Francis Geraci does not represent us with regard to any divorce matters and does not make any representations regarding what will happen in divorce court. We have decided to file a bankruptcy together dispite the fact that we are getting a divorce and our interests could be adverse. We have agreed to cooperate with each other in this joint bankruptcy.

17. AUTO LEASES & INSTALLMENT AGREEMENTS to purchase things, leases and almost all contracts will be void after bankruptcy. They are "executory contracts", and if they are of no benefit to the bankruptcy estate and not assumed within 60 days of filing, they are void. Debtors have been warned of this, and unless there is a novation under state law, or agreement not to use bankrptcy to void the contrac,t the debtors rights under the contract are extinguished. Debtor agrees to be responsible for obtaining such agreements or losing rights under such contracts. Debtor agrees that his or her attorney will not file motions to assume such contracts.

The Undersigned have read the above & assume the risk that a debt is not discharged in bankruptcy, that our non-exempt property will be taken and sold by the bankruptcy trustee if it can't be protected, that the trustee might object if I/we have excess income, or change in State, Federal or Bankruptcy laws before the case is filed in Court AND WE HAVE TO READ, CHECK, & MAKE SURE OUR PETITION IS ACCURATE!!!!

David Laroni Cowley

Kelsey Michell Cowley

AT&T Wireless Services, Inc.
Attn: Bankruptcy Dept.
P.O. Box 78224
Phoenix, AZ 85062

Fairbanks Capital Corp.
Bankruptcy Department
PO Box 551170
Jacksonville, FL 32255

Fairbanks Capital Corp.
Bankruptcy Department
PO Box 551170
Jacksonville, FL 32255

Ford Motor Credit Company
Bankruptcy Department
PO Box 537901
Livonia, MI 48153

Internal Revenue Service
Attn: Bankruptcy Dept.
Mail Stop 5010 CHI 230 S.
Dearborn St.
Chicago, IL 60604

NCO Financial Systems
Bankruptcy Department
PO Box 41418
Philadelphia, PA 19101

Nelnet
Attn: Bankruptcy Dept.
PO Box 53318
Jacksonville, FL 32201

Nicor
Attn: Bankruptcy Department
PO Box 2020
Aurora, IL 60507

Sallie Mae
Attn: Bankruptcy Dept.
PO Box 9500
Wilkes Barre, PA 18773

Sears
Bankruptcy Department
PO Box 182149
Columbus, OH 43218

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN  DIVISION**

In Re:   **David Laroni  Cowley and Kelsey Michell Cowley / Debtors**

---

**VERIFICATION OF CREDITOR MATRIX**

---

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

Dated:_____ / ___ / ___ 27 ___ /2004

David Laroni  Cowley

Dated:_____ / ___ / ___ 27 ___ /2004

Kelsey Michell Cowley

SIGN AND DATE ABOVE

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS

### RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
### CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
#### (Model Retention Agreement)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation.  It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy.  In this connection, the advice of an attorney is often crucial.  Debtors are entitled to expect certain services to be performed by their attorneys, but again, debtors have responsibilities to their attorneys also.  In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

### *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### *AFTER THE CASE IS FILED*

#### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card.  (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

#### THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

2

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case before the bankruptcy court.

3

ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES  *[Check one option.]*

### Option A: flat fee through confirmation

**1a.** *Pre-confirmation services.*  Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case, unless otherwise ordered by the court. For all of the services outlined above, required to be provided before confirmation of a plan, the attorney will be paid a fee of **$ 2,200.00.** In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for pre-confirmation services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

**1b.** *Post-confirmation services.*  Compensation for services required after confirmation will be in such amounts as are allowed by the court, on application accompanied by an itemization of the services rendered, showing the date, time, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified that the debtor may appear in court to object.

### Option B: flat fee through case closing

**1.** Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above,  the attorney will be paid a fee of **$ 2,700.00** . In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

**2.** *Retainers.*  The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

**3.** *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

4

4. *Improper conduct by the debtor*. If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

5. *Discharge of the attorney*. The debtor may discharge the attorney at any time.

Date:

X _____1/24/04_____

Signed: _____

_____
Debtor(s)

_____
Attorney for Debtor(s)
Law Offices of Peter Francis Geraci
55 E. Monroe St., Suite 3400
Chicago, IL 60603
(312)332-1800

5